IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOKF, N.A., as Indenture Trustee,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**GORDON JENSEN HEALTH CARE** )<br>**ASSOCIATION, INC.;** )<br>**KNOLLWOOD NH, LLC;** )<br>**CONQUEST HEALTH SYSTEMS, LLC;** )<br>**MARSH POINTE MANAGEMENT, LLC;** )<br>and **MEDICAL CLINIC BOARD OF THE** )<br>**CITY OF MOBILE (SECOND),** )<br>)<br>**Defendants.** ) | **Civil Action No. 21-00031-KD-B** |

## ORDER

This action is before the Court on the Emergency Motion for the Entry of an Order: (I) Appointing a Receiver, (II) Granting Certain Injunctive Relief, and (III) Approving Receiver Financing and Memorandum of Law in Support (docs. 3, 4) and Motion to Set Hearing (doc. 7) filed by Plaintiff BOKF, N.A., as the Indenture Trustee.

BOKF has acknowledged that in order to be given the extraordinary equitable relief of appointment of a receiver, it must show that it has a valid claim, there is a probability that fraudulent conduct has occurred or will occur to frustrate the claim[1], the property or assets are in in imminent danger of diminishment in value or loss, legal remedies are inadequate, less

---

[1] BOKF has relied on the Securities and Exchange Commission's allegations of fraud and judgment against Brogdon entities to support this factor.  At the hearing, BOKF should be prepared to address the effect of the SEC's finding that BOKF, while serving as Indenture Trustee and dissemination agent for the majority of the Brogdon Bond Offerings, allowed Brogdon to perpetuate fraud while failing to perform its disclosure and notice obligations to Bondholders, on BOKF's fraud argument.  See In the Matter of BOKF, N.A, Administrative Proceeding File No. 3-17533 (SEC Release No. 10204, September 9, 2016).

drastic equitable remedies are not available, and the likelihood that appointing a receiver will do more good than harm.

BOKF also seeks injunctive relief to aid the Receiver in managing and controlling the facility, should a Receiver be appointed. In that regard, BOKF has acknowledged that in order to obtain injunctive relief, it must show that it has a substantial likelihood of success on the merits, irreparable injury unless an injunction issues, that the threat of injury to BOKF outweighs any damages that the injunction may cause the opposing party, and if issued, the injunction would not be adverse to the public interest.

Upon consideration, the Motion to Set Hearing (doc. 7) is GRANTED. The Court will hold a **hearing on BOKF's Emergency Motion on February 10, 2021 at 3:00 p.m**. in Courtroom 4B of the United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602.

**On or before January 27, 2021, BOKF must serve all Defendants** with this Order, the Complaint, and the Emergency Motion and Memorandum in Support, and provide proof of service to the Court. **Defendants should respond to the Emergency Motion by February 8, 2021.**

The Clerk of Court is directed to mail a copy of this Order to the Defendants by overnight service via certified mail.

DONE and ORDERED this the 21st day of January 2021.

>/s/ Kristi K. DuBose
>KRISTI K. DuBOSE
>CHIEF UNITED STATES DISTRICT JUDGE