# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOKF, N.A., as indenture trustee,<br><br>Plaintiff,<br><br>v.<br><br>GORDON JENSEN HEALTH CARE ASSOCIATION, INC.; KNOLLWOOD NH, LLC; CONQUEST HEALTH SYSTEMS, LLC; MARSH POINTE MANAGEMENT, LLC; and MEDICAL CLINIC BOARD OF THE CITY OF MOBILE (SECOND),<br><br>Defendants. | Case No. 21-00031-KD-B |

## ORDER GRANTING RECEIVER'S MOTION TO APPROVE (I) PROPOSED CLAIMS VERIFICATION PROCEDURES, (II) CLAIMS BAR DATE, AND (III) PROPOSED CLAIMS DISTRIBUTION METHOD

Upon consideration of the *Receiver's Motion to Approve (I) Proposed Claims Verification Procedures, (II) Claims Bar Date, and (III) Proposed Claims Distribution Method* (the "***Motion***");[1] and upon consideration of any and all responses to the Motion; and upon finding that due and sufficient notice of the Motion was given, all parties in interest have received notice and the opportunity to be heard, and that no other or further notice is necessary or required; and upon finding that the relief sought in the Motion is in the best interests of the Receivership Estate and its creditors; and upon due deliberation and finding good and sufficient cause for the relief sought in the Motion, it is hereby

1.     **ORDERED** that the Motion (doc. 58) is GRANTED; and it is further

---

[1] Capitalized terms used in this order and not otherwise defined shall have the meanings ascribed to them in the Motion.

2. **ORDERED** that, except as permitted by this order, all creditors holding General Claims, including those claims against Gordon Jensen Health Care Association, Inc., Knollwood NH, LLC, or Conquest Health Systems, LLC, related to the Receivership Estate, Facility, Receiver, or Receivership Estate are hereby enjoined from:

    a. commencing or continuing, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Receiver or Receivership Estate that was or could have been commenced before the entry of this order to recover a claim against the Borrowers, the Facility, the Receiver or the Receivership Estate that arose before the entry of this order;

    b. enforcing against the Receiver or the Receivership Estate, a judgment obtained before the entry of this order;

    c. taking any action to obtain possession of any property that is part of the Receivership Estate;

    d. exercising possession over any property that is part of the Receivership Estate;

    e. any act to create, perfect, or enforce against any property of the Receivership Estate any lien to the extent that such lien secures a claim that arose before the entry of this order; and

    f. the setoff of any debt owing to the Receiver or the Receivership Estate that arose before the entry of this order; and it is further

3. **ORDERED** that, all creditors of Gordon Jensen Health Care Association, Inc., Knollwood NH, LLC, or Conquest Health Systems, LLC, Facility, Receiver, or Receivership Estate holding or wishing to assert any claim, cause of action, or other right against the Receivership Estate must file such claims pursuant to the procedures and on or before the deadlines established by this order; and it is further

4. **ORDERED** that:

    a. each and every claim shall be filed on the Claim Form (Exhibit A), which is expressly approved by this order;

    b. the Notice of Claims Process and Claims Bar Dates (the "***Claims Notice***") (Exhibit B) is approved in its entirety, and the Receiver is authorized and directed to

transmit the Claims Notice to all known creditors holding actual or potential claims against the Receivership Estate within seven (7) business days of the entry of this order, together with a copy of this order and the Claim Form (collectively, the "***Claims Package***");

c. the Receiver is further authorized and directed to publish the Publication Notice (Exhibit C) with the *Press Register*, as soon as practicable after entry of this order, once a week for three consecutive weeks;

d. all persons and entities who receive the Claims Package or are otherwise imputed with notice as a result of the Publication Notice, together with their respective agents and attorneys, have an affirmative duty to obtain and review this order and the Claim Notice and timely file a Claim Form in accordance with this order, if they possess a valid claim and wish to assert it against the Receivership Estate;

e. the notice procedures provided in this order constitute due and sufficient notice of the Claims Process, and the procedures provided by the Claims Process satisfy the requirements of all applicable laws; and it is further

5. **ORDERED** that:

a. any person or entity having a claim against the Receiver or Receivership Estate, including claims against Gordon Jensen Health Care Association, Inc., Knollwood NH, LLC, or Conquest Health Systems, LLC, related to the Receivership Estate, Facility, Receiver, or Receivership Estate arising on or before March 15, 2021 (the "***General Claims***") shall be submitted so as to be actually received by the Receiver's counsel on or before deadline set forth in the Claims Notice (the "***General Claims Bar Date***"), which shall be not less than sixty (60) days from the date of this order;

b. the Receiver shall have authority, for good cause shown, to extend the General Claims Bar Date up to thirty (30) days as to a particular claimant; <u>provided</u>, <u>however</u>, any such extension must be requested from the Receiver in writing prior to the expiration of the General Claims Bar Date;

c. any creditor who fails to file a claim in the form and manner set forth in this order, or that fails to do so on or before the General Claims Bar Date, shall be forever barred, estopped, and enjoined from asserting such General Claim against the Receivership Estate or the Receiver, and shall not be treated as a creditor with respect to such General Claim for the purposes of any distributions from the Receivership Estate, and the Receivership Estate shall be forever discharged from any and all indebtedness or liability with respect to such General Claim; and it is further

6. **ORDERED** that each General Claim shall be filed in accordance with the following procedures:

a. All General Claims shall be submitted in writing via U.S. Mail or electronic mail transmission to the following address:

**Healthcare Management Partners, LLC**
c/o Waller Lansden Dortch & Davis, LLP
Attn: Chris Cronk
511 Union Street, Suite 2700
Nashville, Tennessee 37219
chris.cronk@wallerlaw.com

      b.     each claimant must submit a complete and accurate Claim Form so as to be <u>actually received</u> at the address above no later than 5:00 p.m. (prevailing Central time) on the General Claims Bar Date;

      c.     each Claim Form must: (i) be signed and notarized; (ii) be written in the English language; (iii) be denominated in lawful currency of the United States; and (iv) be submitted with complete copies of any supporting documentation or an explanation of why any such documentation is not available; and it is further

7.    **ORDERED** that:

      a.     once the General Claims Bar Date has passed and the Receiver has determined that proceeds are available for distribution, as determined by the Receiver, the Receiver shall review each Claim Form and supporting documentation and verify the amount and priority of each General Claim submitted;

      b.     upon reviewing all Claim Forms and supporting documentation, the Receiver shall file with the court a report outlining the Receiver's recommendation as to the allowable amount and priority of each General Claim (the "***Claims Report***"), which the Receiver shall serve on all known claimants.

      c.     the Claims Report may be amended from time to time as determined by the Receiver and with notice to all affected claimants;

      d.     all distributions made to claimants will be calculated based upon the amounts and priorities set forth in the Claims Report;

      e.     the Receiver shall be permitted to object to any submitted Claim Form for any reason, including, among other things, for any claimant's failure to comply with any requirement set forth in this order;

      f.     to the extent any General Claim is objectionable, the Claims Report will set forth the basis for the Receiver's objection;

      g.     any claimant may object to all or any portion of the Claims Report, including any objection included by the Receiver in the Claims Report, by filing a written objection or response to the Claims Report (or any amended Claims Report) within fourteen (14) days after it has been filed and serving a copy of such objection or response on the Receiver's counsel;

    h. if any claimant files a response or objection to the Claims Report (or any amended Claims Report), the Receiver may attempt to negotiate a resolution; provided, however, if the Receiver is unable to resolve any response or objection, such response or objection will be resolved by order of this Court;

    i. if no response or objection is filed with respect to a particular Claim set forth in the Claims Report, the Claims Report shall be the final, binding determination on each such General Claim; and it is further

  8. **ORDERED** that, although a claimant's failure to comply with the Claims Procedures shall forever bar such creditor from pursuing a General Claim against the Receiver and Receivership Estate, such claimant's failure shall not preclude or impair its right to pursue its General Claim separately against Gordon Jensen Health Care Association, Inc., Knollwood NH, LLC, or Conquest Health Systems, LLC upon the conclusion of this case, except for any General Claim that could be brought by the Receiver or Receivership Estate, which claims remain the exclusive right and property of the Receiver and Receivership Estate; and it is further

  9. **ORDERED** that:

    a. the Plaintiff shall <u>not</u> be required to participate in the Claims Process because it has already asserted a secured claim in an amount not less than $8,075,061.97 was due and owing to Plaintiff, <u>plus</u> accrued and unpaid interest in the approximate amount of $1,796,832.29, <u>plus</u> $241,673.39 in Trustee's Fees and Expenses; and

    b. this Order shall not impair Plaintiff's right to enforce its rights and remedies under the Bond Documents including pursuing a non-judicial foreclosure sale; and it is further

  10. **ORDERED** that the Receiver is authorized to take all actions, as the Receiver deems reasonable and desirable in the Receiver's sole discretion, to comply with or further the purposes of this order; and it is further

  11. **ORDERED** that, except as provided in paragraph 9 above and unless otherwise authorized, any and all disputes concerning the Receiver and/or relating to or arising from the Borrower, the Facility, and/or the Receivership Estate shall be filed in this Court; and it is further

12. **ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated:     June 22, 2021.

                                    s/ Kristi K. DuBose
                                    KRISTI K. DuBOSE
                                    CHIEF UNITED STATES DISTRICT JUDGE