**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| BOKF, N.A., as indenture trustee,<br><br>Plaintiff,<br><br>v.<br><br>GORDON JENSEN HEALTH CARE ASSOCIATION, INC.; KNOLLWOOD NH, LLC; CONQUEST HEALTH SYSTEMS, LLC; MARSH POINTE MANAGEMENT, LLC; and MEDICAL CLINIC BOARD OF THE CITY OF MOBILE (SECOND),<br><br>Defendants. | Case No. 21-00031-KD-B |

**NOTICE OF CLAIMS PROCESS AND CLAIMS BAR DATES**

To all potential holders of Claims (as defined below) against Gordon Jensen Health Care Association, Inc., Knollwood NH, LLC, or Conquest Health Systems, LLC (the "*Receivership Entities*") that arose from or related to (i) dealings, transactions, contracts, events, occurrences, interactions, or agreements with the Receivership Entities and/or (ii) skilled nursing and specialty care facility commonly known as Knollwood Healthcare and located at 3151-A Knollwood Drive, Mobile, Alabama 36693 (the "*Facility*"):

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR ASSERT A CLAIM AGAINST THE RECEIVERSHIP ESTATE. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

Please take notice that on March 15, 2021 (the "*Appointment Date*"), the United States District Court for the Southern District of Alabama (the "*Court*") entered an order (the "*Receivership Order*") appointing Derek Pierce, Managing Member of Healthcare Management Partners, LLC (the "*Receiver*"), as receiver over all assets owned by or in the possession or control of the Receivership Entities with respect to the Facility (such assets, the "*Receivership Estate*"). Having exclusive jurisdiction over the Receivership Estate, the Court entered an order dated [_____], [__] 2021, establishing a process and procedure for the determination and allowance of all claims against the Receivership Estate (the "*Claims Order*"), which is enclosed and incorporated here by reference.

Pursuant to the Claims Order, [_____], [__] 2021 at 5:00 p.m. **(prevailing Central Time)** (the "*General Claims Bar Date*") is the last date and time for each

4824-7755-4659

person or entity to file a claim against the Receivership Estate based upon any claim against any Receivership Entity arising on or before the Appointment Date (the "***General Claims***").

The Claims Order, the General Claims Bar Date, and the procedures set forth in the Claims Order for the filing of Claims apply to all General Claims against the Receivership Estate and Receiver.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A CLAIM.**

1. **<u>Persons or Entities Who Must File a Claim.</u>** Any person or entity that has or asserts a General Claim against the Receivership Entities, Receivership Estate, or Receiver, except as otherwise set forth in the Receivership Order or Claims Order, must file a General Claim on or before the General Claims Bar Date to share in any distributions from the Receivership Estate.

   Acts or omissions of a Receivership Entity or Receiver may give rise to General Claims against the Receivership Estate that must be filed by the General Claims Bar Date, notwithstanding that such General Claims may not have matured or become fixed or liquidated prior to the General Claims Bar Date.

   As used in this notice and the Claims Order, the word "***General Claim***" means a: (i) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) right to an equitable remedy for breach or performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

   THE FACT THAT YOU RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A GENERAL CLAIM OR THAT THE RECEIVERSHIP ENTITIES, THE RECEIVER, OR THE COURT BELIEVE THAT YOU HAVE A GENERAL CLAIM. YOU SHOULD NOT FILE A GENERAL CLAIM IF YOU DO NOT HAVE A GENERAL CLAIM AGAINST A RECEIVERSHIP ENTITY, THE RECEIVER, OR THE RECEIVERSHIP ESTATE.

2. **<u>When and Where to File.</u>** All General Claims must be filed so as to be <u>actually received</u> no later than 5:00 p.m. (prevailing Central time) on or before the General Claims Bar Date at the following address:

   **Healthcare Management Partners, LLC**
   c/o Waller Lansden Dortch & Davis, LLP
   Attn: Chris Cronk
   511 Union Street, Suite 2700
   Nashville, Tennessee 37219
   chris.cronk@wallerlaw.com

    Claim Forms will be deemed timely filed only if <u>actually received</u> on or before 5:00 p.m. (prevailing Central time) on the General Claims Bar Date. General Claims may be delivered by electronic mail transmission using the e-mail address set forth above.

3. **<u>Contents of a Claim Form.</u>** If you intend to file a General Claim, you must complete and submit the court-approved claim form enclosed with this notice (the "***Claim Form***").

    Your Claim Form must: (a) be signed and notarized; (b) be written in the English language; (c) be denominated in lawful currency of the United States; and (d) be submitted with copies of any supporting documentation or an explanation of why any such documentation is not available.

4. **<u>Consequence of Failure to Timely File Claim Form.</u>** Any claimant who fails to file a General Claim in the form and manner set forth in the Claims Order and this notice, or that fails to do so on or before the General Claims Bar Date, will forever be barred, estopped, and enjoined from asserting such General Claim against the Receivership Estate or Receiver, and shall not be treated as a creditor with respect to such General Claim for the purposes of any distributions from the Receivership Estate, and the Receiver and Receivership Estate shall be forever discharged from any and all indebtedness or other liability with respect to such General Claim.

5. **<u>Contingent Claims.</u>** Acts or omissions of a Receivership Entity, if any, that occurred prior to the Appointment Date, including, without limitation, acts or omissions related to any indemnity agreement guarantee, services provided to or rendered by a Receivership Entity, or goods provided to or by a Receivership Entity, may give rise to General Claims against a Receivership Entity or the Receivership Estate, notwithstanding the fact that such General Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Appointment Date. Therefore, any person or entity that holds a General Claim or potential General Claim against a Receivership Entity, no matter how remote, contingent, or unliquidated must file a General Claim on or before the applicable Bar Date.

6. **<u>Reservation of Rights.</u>** Nothing contained in this notice is intended or should be construed as a waiver of any of the Receiver's rights, including without limitation, his rights to dispute, or assert offsets or defenses against, any General Claim as to the nature, amount, liability, or classification of such General Claim.

7. **<u>Additional Information.</u>** If you have questions concerning the submission or processing of General Claims, you may contact Chris Cronk, via phone at 615-244-6380, via e-mail at chris.cronk@wallerlaw.com or via mail at the following address:

**Healthcare Management Partners, LLC**
c/o Waller Lansden Dortch & Davis, LLP
Attn: Chris Cronk
511 Union Street, Suite 2700
Nashville, Tennessee 37219
