IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOKF, N.A., as Indenture Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 21-00031-KD-B |
| ) | |
| GORDON JENSEN HEALTH CARE ) | |
| ASSOCIATION, INC.; ) | |
| KNOLLWOOD NH, LLC; ) | |
| CONQUEST HEALTH SYSTEMS, LLC; ) | |
| MARSH POINTE MANAGEMENT, LLC; ) | |
| and MEDICAL CLINIC BOARD OF THE ) | |
| CITY OF MOBILE (SECOND), ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Receiver's Motion for Clarification regarding Paragraph 37 of the Receivership Order (doc. 63), Plaintiff BOKF, N.A.'s Response (doc. 69) and Defendants Gordon Jensen Health Care Association, Inc. and Knollwood NH, LLC's Response (doc. 71).

The Receiver has terminated Conquest Health Systems, LLC, as the management company for the nursing home facility, and retained the Receiver's affiliate HMP Senior Solutions, LLC to manage the facility. The Receiver seeks clarification as to whether the limit on his compensation "applies only to the Receiver's fees and expenses or applies to a combination of both the Senior Solutions Management Fee and the Receiver's fees and expenses" (doc. 63, p. 2, doc. 43). The limit is expressed in paragraph 37 of the Order appointing the Receiver, as follows: "Notwithstanding this fee schedule, and in accordance with Pierce's testimony of what is a reasonable management fee, in no event shall the Receiver's compensation (and any

outsourced financial work) exceed 5% of the gross revenue" (doc. 43, ¶ 37).

The Court's intent was that all fees to manage the Facility would be capped at 5%. The Court considered the Receiver's fee to be part of the management fees. To expend more than 5% for management of the Facility will require an amendment to the Order appointing the Receiver, for good cause shown.

The Receivers' Motions to Approve Compensation for Services Rendered and Expenses Incurred for the Period from March 15, 2021, the appointment date, through March 31, 2021 (doc. 57); the Period from April 1, 2021 through April 30, 2021 (doc. 65); the Period from May 1, 2021 through May 31, 2021 (doc. 78), and the Period from May 1 through June 30, 2021 (doc. 86), should be amended, if necessary, to comply with the Court's clarification.

DONE and ORDERED this the 5th day of August 2021.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
CHIEF UNITED STATES DISTRICT JUDGE