# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BOKF, N.A., as Indenture Trustee,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. 21-00031-KD-B |
| ) | |
| **GORDON JENSEN HEALTH CARE** ) | |
| **ASSOCIATION, INC.;** ) | |
| **KNOLLWOOD NH, LLC;** ) | |
| **CONQUEST HEALTH SYSTEMS, LLC;** ) | |
| **MARSH POINTE MANAGEMENT, LLC;** ) | |
| **and MEDICAL CLINIC BOARD OF THE** ) | |
| **CITY OF MOBILE (SECOND),** ) | |
| ) | |
|     **Defendants.** ) | |

## **ORDER**

This action is before the Court on the Receiver's Motion to Approve Compensation for Services Rendered and Expenses Incurred through March 31, 2021 (doc. 57) (the Fee Application) filed by Derek Pierce, managing partner of Healthcare Management Partners, LLC. The Receiver seeks approval of compensation in the total amount of $27,042.50 comprised of $26,762.50 for services as the Receiver and $280.00 for expenses (doc. 57, p. 4).

The Receiver asserts that he has managed, operated, and administered the Receivership Estate in an "economical and efficient manner in compliance with the terms and conditions of the Bond Documents and applicable law and in the best interest of the Receivership Estate's creditors." (doc. 57, p. 2). The Receiver also asserts that his "activities during the Application Period were substantial, beneficial, and necessary for the fulfillment of the Receiver's duties and obligations pursuant to the Receiver Order" and that the services and expenses were reasonable and necessary and performed for the benefit of the Receivership Estate (doc. 57, p. 3).

In support, the Receiver cites to certain provisions in the Order appointing the Receiver (doc. 43). Specifically, paragraphs 8(xxx), 36 and 37, which provide for an application process and payment of a Management Fee and out-of-pocket expenses to the Receiver. Paragraph 37 caps the hourly rate for the Receiver as managing director of Health Management Partners, LLC, and provides for utilization of other members of HMP, also at capped hourly rates, where necessary, appropriate and in the interests of economy. Paragraph 37 also provides as follows: "Notwithstanding this fee schedule, and in accordance with Pierce's testimony of what is a reasonable management fee, in no event shall the Receiver's compensation (and any outsourced financial work) exceed 5% of the gross revenue." (doc. 43, p. 29-30). The Receiver states that if his "monthly fees exceed five (5%) of the Facility's gross revenue during any month," he will accrue the fees that exceed the limit, and "any accrued fees will only be paid at such time as the Receiver's total fees no longer exceed five percent (5%) of the Facility's gross revenue." (doc. 57, p. 3).

The Receiver also provides the Court with a detailed accounting of the services provided by the Receiver or members of the Receiver's LLC (doc. 57, at Exhibit A). The Receiver explains that members of the LLC were employed as necessary and appropriate and in the interest of economy.

Upon consideration of the Motion/Fee Application, the detailed accounting of the services provided, the Order appointing the Receiver, and the absence of any objection, the Motion (doc. 57) is GRANTED. Accordingly, the Fee Application is approved, and the Receiver is directed to pay, without further court order and at such times as the Receiver determines in his discretion that funds are available, and subject to the provision that the "Receiver's compensation (and any outsourced financial work)" shall not "exceed (5%) of the gross revenue"

(doc. 43, p. 29-30), compensation in the amount of $280.00 for expenses and $26,762.50 for professional services rendered by the Receiver in performing his duties and obligations during the March 2021 Application Period.

    DONE and ORDERED this the 20th day of September 2021.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              CHIEF UNITED STATES DISTRICT JUDGE