IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOKF, N.A., as Indenture Trustee,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. 21-00031-KD-B** |
| ) | |
| **GORDON JENSEN HEALTH CARE** ) | |
| **ASSOCIATION, INC.;** ) | |
| **KNOLLWOOD NH, LLC;** ) | |
| **CONQUEST HEALTH SYSTEMS, LLC;** ) | |
| **MARSH POINTE MANAGEMENT, LLC;** ) | |
| **and MEDICAL CLINIC BOARD OF THE** ) | |
| **CITY OF MOBILE (SECOND),** ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

This action is before the Court on the Motion to Approve Compensation for Services Rendered and Expenses Incurred for the period from December 1, 2021 through December 31, 2021 (the Fee Application) filed by the Receiver Derek Pierce, managing partner of Healthcare Management Partners, LLC; HMP Senior Solutions, LLC; and HMP Metrics, LLC[1] (doc. 132).

As to the December 2021 Application Period, the Receiver seeks

1) approval of compensation for the Receiver in the amount of $3,182.50 plus expenses of $16.60, compensation for Senior Solutions in the amount of $20,479.16 plus expenses of $351.09, and expenses of $2,195.04 for professional services provided by HMP Metrics,

2) authorization to "pay $20,479.16, based upon revenue during the Application Period in the amount of $409,738.11 plus total expenses of $367.69,[2] and

---

[1] HMP Metrics, LLC is a wholly-owned subsidiary of HMP (doc. 132, p.1, n.1). Metrics provided information technology, telecom, and network support services. (Id., p. 2; Exhibit C).

[2] Comprised of the Receiver's expenses of $16.60 and Senior Solutions' expenses of $351.09.

      3) authorization to accrue $5,377.54 as unpaid fees, "to be paid at such time as the Receiver's and Senior Solutions' total fees no longer exceed five percent (5%) of the Facility's gross revenue."

(Doc. 132, p. 5-6).

    The Receiver asserts that he has managed, operated, and administered the Receivership Estate in an "economical and efficient manner in compliance with the terms and conditions of the Bond Documents and applicable law and in the best interest of the Receivership Estate's creditors." (doc. 132, p. 2). The Receiver also asserts that his "activities during the Application Period were substantial, beneficial, and necessary for the fulfillment of the Receiver's duties and obligations pursuant to the Receiver Order" and that the services and expenses were reasonable and necessary and performed for the benefit of the Receivership Estate (Id., p. 3, 6).

    In support, the Receiver cites to certain provisions in the Order appointing the Receiver (doc. 132, p. 2 (citing doc. 43)). Specifically, paragraphs 8(xxx), 36 and 37, which provide for an application process and payment of a Management Fee and out-of-pocket expenses to the Receiver. Paragraph 37 caps the hourly rate for the Receiver as managing director of Health Management Partners, LLC, and provides for utilization of other members of HMP, also at capped hourly rates, where necessary, appropriate and in the interests of economy. Paragraph 37 also provides as follows: "Notwithstanding this fee schedule, and in accordance with Pierce's testimony of what is a reasonable management fee, in no event shall the Receiver's compensation (and any outsourced financial work) exceed 5% of the gross revenue." (doc. 43, p. 29-30).

    The Receiver also acknowledges the Court's clarification that the Order appointing the Receiver was "intended to capture and include the Receiver's fees as part of the management fees" (doc. 132, p. 3 (citing doc. 92, p. 2)). The Receiver states that if the Receiver's, Senior Solutions', and Metrics' "monthly fees exceed five (5%) of the Facility's gross revenue during any month,"

2

they will accrue the fees that exceed the limit, and "[a]ny accrued fees will only be paid at such time as [their] total fees no longer exceed five percent (5%) of the Facility's gross revenue." (doc. 132, p. 3). The Receiver provides the Court with a detailed accounting of the services provided by the Receiver or members of the Receiver's LLC (Id., Exhibit A). The Receiver explains that members of the LLC were employed as necessary and appropriate and in the interest of economy (Id., p. 4). The Receiver also provides a "detailed accounting providing the Facility's revenue for the Application Period and the calculation of the Senior Solutions Management Fee" and an invoice from Metrics (Id., p. 5; Exhibits B and C).

Upon consideration of the Motion/Fee Application, the detailed accounting of the services provided, the calculation of Senior Solutions Management Fee, the invoice from Metrics, the Order appointing the Receiver, and the absence of any objection, the Motion (doc. 132) is GRANTED. Accordingly, the Fee Application is approved, and the Receiver is directed to pay, without further court order and at such times as the Receiver determines in his discretion that funds are available, and subject to the provision that the "Receiver's compensation (and any outsourced financial work)" shall not "exceed (5%) of the gross revenue" (doc. 43, p. 29-30), compensation in the amount of $20,479.16 for professional services rendered by the Receiver in performing his duties and obligations during the December 2021 Application Period, and expenses in the amount of $367.69.

DONE and ORDERED this the 4th day of March 2022.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE