IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOKF, N.A., as Indenture Trustee,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. 21-00028-KD-B |
| BAMA OAKS RETIREMENT, LLC;<br>SAINT SIMONS HEALTH CARE, LLC;<br>and THE MEDICAL CLINIC BOARD<br>OF THE CITY OF MOBILE (SECOND),<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>) | |
| BOKF, N.A., as Indenture Trustee,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. 21-00029-KD-B |
| BAMA OAKS RETIREMENT, LLC;<br>SAINT SIMONS HEALTH CARE, LLC;<br>and THE MEDICAL CLINIC BOARD<br>OF THE CITY OF MOBILE (SECOND),<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>) | |
| BOKF, N.A., as Indenture Trustee,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. 21-00031-KD-B |
| GORDON JENSEN HEALTH CARE<br>ASSOCIATION, INC.;<br>KNOLLWOOD NH, LLC;<br>CONQUEST HEALTH SYSTEMS, LLC;<br>MARSH POINTE MANAGEMENT, LLC;<br>and MEDICAL CLINIC BOARD OF THE<br>CITY OF MOBILE (SECOND),<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

<u>BIDDING PROCEDURES ORDER</u>

(I) AUTHORIZING AND APPROVING

(A) STALKING HORSE PURCHASER, BIDDING PROCEDURES,
BREAK-UP FEE, AND BID PROTECTIONS AND

    (B) THE FORM AND MANNER OF NOTICE OF THE BIDDING PROCEDURES AND SALE HEARING,

(II) SCHEDULING A HEARING TO CONSIDER THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE RECEIVERSHIP ESTATES; AND

(III) GRANTING RELATED RELIEF.

This action is before the Court on the Receiver's Motions for Order: (I) Authorizing and Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Receivership Estates;  (II) Authorizing the Sale of Substantially All of the Assets of the Receivership Estates Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (III) Approving Stalking Horse Purchaser, Break-Up Fee, and Overbid Protections; (IV) Scheduling a Hearing to Approve the Sale of Substantially All of the Assets of the Receivership Estates; and (V) Granting Related Relief (the "Motions"), Briefs in Support[1] of the Receiver's Motions, and the Motions Requesting the Court (I) Set the Auction Date, (II) Set the Sale Hearing, and (III) Grant Related Relief  (docs. 108, 109, 122, Civil Action No. 21-00028-KD-B; docs. 106, 107, 120, Civil Action No. 21-00029-KD-B; docs. 134, 135, 148, Civil Action No. 21-00031-KD-B).

Upon consideration of the Receiver's Motions and Briefs in Support, the absence of any objections after due and sufficient notice[2] was given, the absence of need for other or further notice to be given, and after due deliberation, the Court makes the following findings:

---

[1] Capitalized terms used in this Order and not otherwise defined have the meanings ascribed to them in the Brief in Support.

[2] See Doc. 115, Civil Action No. 21-00028-KD-B; doc. 113, Civil Action No. 21-00029-KD-B; Doc. 141, Civil Action No. 21-00031-KD-B (Receiver's Notice of Service).

1. This Court has jurisdiction over these actions, the Issuers, the above-captioned defendants, and over all property of the Receivership Estates. 28 U.S.C. § 1332.

2. Proper, timely, adequate, and sufficient notice of the Motions has been provided, such notice was sufficient and appropriate under these circumstances, and no other or further notice of the Motions or relief sought in the Motions is necessary or required.

3. A reasonable opportunity to object or be heard regarding the relief requested in the Motions (doc. 108, Civil Action No. 21-00028-KD-B; doc. 106, Civil Action No. 21-00029-KD-B; doc. 134, Civil Action No. 21-00031-KD-B) was afforded to all interested parties, including, without limitation, all parties to these actions and all persons or entities known to the Receiver that have or may have an interest in any portion of the Proposed Purchased Assets (See Purchased Assets and Permitted Liens, Schedule 1.01 to the Asset Purchase Agreement (doc. 108-3, p. 72-73, Civil Action No. 21-00028-KD-B; doc. 106-3, p. 72-73, Civil Action No. 21-00029-KD-B; doc. 134-3, p. 72-73, Civil Action No. 21-00031-KD-B).

4. The Receiver has the power and authority to sell the Proposed Purchased Assets, or any portion of the Receivership Estates, at a public sale pursuant to and in accordance with the Bidding Procedures, free and clear of liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of such sale with the same validity and in the same order of priority. See Fed. R. Civ. P. 66, Receivers; 28 U.S.C. §§ 2001-2004, Sale of Realty Generally.

5. Upon the Receiver's appointment and after investigating the financial condition of the Receivership Estates, the Receiver undertook a comprehensive effort to solicit interest from potential purchasers for the Proposed Purchased Assets.

6. The Receiver's and Blueprint Healthcare Real Estate Advisors, LLC's ("Blueprint") existing and continued marketing efforts, combined with the publication required by the Bidding Procedures are reasonable and sufficient.

7. Each of the Indenture Trustees, as the holder of the senior, first priority liens on and security interests in the Proposed Purchased Assets, has consented to release, at closing, their liens, claims, encumbrances, and other interests in the Proposed Purchased Assets, with such liens, claims, encumbrances, and other interests attaching to the proceeds of the sale of the Proposed Purchased Assets in the same order of validity, priority, and enforceability.

8. Each Indenture Trustee shall have all rights to credit bid the entire balance of their respective Bonds, as secured by the Proposed Purchased Assets, at the sale, transfer, conveyance, auction or any other disposition of the Proposed Purchased Assets or other assets of the Receivership Estates. In the event an Indenture Trustee is the Successful Bidder for all or a portion of the Proposed Purchased Assets or other assets of the Receivership Estates, then such amount shall be credited against the balance of the indebtedness due and owing to the applicable Bondholders as evidenced by the applicable Bonds at the closing of the sale of the Proposed Purchased Assets. In the event an Indenture Trustee's credit bid is the Successful Bid for the Proposed Purchased Assets, such Indenture Trustee or any designated assignee shall be deemed the owner of the applicable Proposed Purchased Assets following the Court's entry of the Sale Order and closing of the sale. If an Indenture Trustee's credit bid is a Successful Bid, then the Indenture Trustee agrees to pay the Receiver cash, regardless of the amount of proceeds actually paid, necessary to pay: (a) the Break-up Fee (as provided for in the Stalking Horse Asset Purchase Agreement (the "APA")) to the Stalking Horse Purchaser at closing; and (b) any amounts necessary to pay the costs and expenses of administering the applicable Receivership Estate.

9. Each Indenture Trustee's consent dramatically improves the marketability of the Proposed Purchased Assets and their potential sale price, because parties will not have to factor in the risks and costs of satisfying pre-receivership claims and the release of liens, claims, encumbrances, and other interests into the purchase price.

10. It is, therefore, prudent and in the best interests of the holders of the Bonds for each Indenture Trustee to release its liens, claims, encumbrances, and other interests in the Proposed Purchased Assets, with such liens, claims, encumbrances, and other interests attaching to the proceeds of sale from the Proposed Purchased Assets.

11. The Receiver has demonstrated a sufficient basis and compelling circumstances requiring the entry of this Order, the selection of the Proposed Stalking Horse, the Bid Protections provided to the Proposed Stalking Horse, and the proposed sale of the Proposed Purchased Assets in accordance with the Bidding Procedures, and such actions: (a) are appropriate exercises of the Receiver's reasonable business judgment; (b) are in the best interest of the Receivership Estates and their creditors; and (c) meet the requirements of and are consistent with 28 U.S.C. § 2001, § 2002, and § 2004, for the sale of realty.

12. The Receiver's authorization to pay the Break-up Fee is an essential inducement and condition relating to the Proposed Stalking Horse's entry into, and continuing obligations under the Stalking Horse APA.

13. The Receiver's promise to pay the Break-up Fee, which has induced the Proposed Stalking Horse to submit its bid that will serve as a minimum or floor bid on which the Receiver can rely, provides a material benefit to the Receivership Estates and their creditors, by increasing the likelihood that the best possible purchase price for the Proposed Purchased Assets will be received. The Break-up Fee may be paid by the Receiver without further hearing or proof.

14. The Bidding Procedures are reasonable, non-collusive, negotiated in good faith, substantively and procedurally fair, and will enable the Receiver to obtain the highest value for the Proposed Purchased Assets.

15. The Receiver may sell the real property on which each Facility is located.

Based upon the foregoing, the Court finds that the relief sought in the Motions is in the best interest of the Receivership Estates, their creditors, and other parties in interest. Accordingly, the Court orders as follows:

1. That the Motions are GRANTED as set forth in this Order,

2. That the time for objections to the Motions (doc. 108, Civil Action No. 21-00028-KD-B; doc. 106, Civil Action No. 21-00029-KD-B; doc. 134, Civil Action No. 21-00031-KD-B), has lapsed and late objections are barred,

3. That the Stalking Horse APA as set forth in Exhibit C to the Motions (doc. 108-3, Civil Action No. 21-00028-KD-B; doc. 106-3, Civil Action No. 21-00029-KD-B; doc. 134-3, Civil Action No. 21-00031-KD-B) is approved,

4. That the Bidding Procedures, attached hereto as Exhibit A, are approved in their entirety, and incorporated in this Order by reference as if set forth herein,

5. That the Receiver may proceed to sell the Proposed Purchased Assets (or any other assets of the Receivership Estates) free and clear of liens, claims, encumbrances, and other interests at **public sale at the main entrance of the United States District Court for the Southern District of Alabama, 155 St. Joseph Street, Mobile, Alabama, in accordance with and subject to the Bidding Procedures, on Thursday, May 12, 2022, at 9:30 a.m. (prevailing Central time),**

6. That the Receiver may proceed to sell the real property on which each Facility is located, in accordance with the Bidding Procedures,

7. That the Proposed Stalking Horse's deposit (as provided in the Stalking Horse APA) shall be held in escrow and shall not constitute or be deemed to constitute property of any Receivership Estate or the Receiver, and the Receivership Estates and Receiver shall have no interest of any kind (equitable or otherwise) in the deposit unless and until such deposit is actually unconditionally paid or payable in accordance with the Stalking Horse APA, and no liens, claims or encumbrances shall attach to the deposit,

8. That the **Hearing to Confirm the Sale** shall be held in Courtroom 4 B of the United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602, on **Friday May 13, 2022, at 11:00 a.m. (prevailing Central time),**

9. That any **objection** on any basis to the proposed sale of the Proposed Purchased Assets **must be filed in writing with the Court no later than Thursday, May 12, 2022, at 5:00 p.m.** (prevailing Central time) (the "Objection Deadline") **and served on**

>(a) counsel to the Receiver, c/o Ryan K. Cochran, Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219, (615) 244.6804 (facsimile), ryan.cochran@wallerlaw.com,

>(b) counsel to the Proposed Stalking Horse, c/o Bobby Guy, Polsinelli, 401 Commerce Str., Suite 900, Nashville, Tennessee 37219, bguy@polsinelli.com, and Jeremy Johnson, Polsinelli, 150 N. Riverside Plaza, Suite 3000, Chicago, Illinois 60606, Jeremy.johnson@polsinelli.com; and (c) counsel to the Indenture Trustees, c/o Walter E. Jones, Balch & Bingham, LLP, 30 Ivan Allen Jr. Blvd. NW, Suite 700, Atlanta, Georgia 30309, wjones@balch.com,

10. That the Receiver shall, **within three (3) business days** following entry of this Order:

>(a) serve a copy of the Bidding Procedures Order and the Notice of Sale[3] on

>>(i) the parties set forth on the certificate of service of the Motions and any other party that has entered an appearance in this case or otherwise requested notice in this case,

>>ii) all relevant federal, state and local taxing and regulatory authorities or offices that have a reasonably known interest in the relief requested in the Motions,

>>(iii) counsel to the Proposed Stalking Horse, and

>>(iv) all of the persons or entities the Receiver has identified as (A) having an interest in the Proposed Purchased Assets or (B) potentially interested in acquiring the Proposed Purchased Assets.

>(b) cause the Indenture Trustees to publish the Bidding Procedures Order and Sale Notice at EMMA (the Electronic Municipal Market Access), and

---

[3] See Doc. 108-5, Civil Action No. 21-00028-KD-B; doc. 106-5, Civil Action No. 21-00029-KD-B; doc. 134-5, Civil Action No. 21-00031-KD-B)

    (c) publish a notice of Receiver Auction with the Press Register once a week for at least four (4) weeks prior to the proposed Auction, which publication shall be deemed due, timely, good, and sufficient notice of the entry of this Order, the Sale Order, and all proceedings to be held in accordance with this Order.

11. That the Indenture Trustees shall execute such documents as are necessary to release any liens on and security interests in the Proposed Purchased Assets at the closing of the sale of the Proposed Purchased Assets, with such liens, claims, encumbrances, and other interests attaching to the proceeds of the sale of the Proposed Purchased Assets with the same priority,

12. That each Indenture Trustee shall have all rights to credit bid the entire balance of their applicable Bonds, as secured by the Proposed Purchased Assets, at the sale, transfer, conveyance, auction, or any other disposition of the Proposed Purchased Assets,

13. That, in the event the balance of Indenture Trustee's credit bid is the highest and best bid for the Proposed Purchased Assets, then such amount shall be credited against the balance of the indebtedness due and owing to the holders of the applicable Bonds as evidence by the applicable Bonds at the closing of the sale of the Proposed Purchased Assets,

14. That, in the event an Indenture Trustee's credit bid is the highest and best bid for any portion of the Proposed Purchased Assets, such Indenture Trustee or any designated assignee shall be deemed the owner of the applicable Proposed Purchased Assets following the Court's entry of the Sale Order closing of the sale,

15. That in the event an Indenture Trustee purchases all or any portion of the Proposed Purchased Assets at the Auction, by credit bid or otherwise, such Indenture Trustee shall pay the Receiver cash, regardless of the amount of proceeds actually paid, necessary to pay

    (a) the Break-up Fee (as provided for in the Stalking Horse APA) to the Stalking Horse Purchaser at closing, and

    (b) any amounts necessary to pay the costs and expenses of administering the applicable Receivership Estate,

16. That any person or entity seeking to participate as a Bidder at the Auction shall comply with the Bidding Procedures,

17. That each Indenture Trustee shall be automatically deemed to be a Qualified Bidder (as defined in the Bidding Procedures) with respect to such Indenture Trustee's Collateral and each Indenture Trustee's credit bid rights with respect to such Indenture Trustee's Collateral shall be automatically deemed to be a Qualified Bid at the Auction,

18. That each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding on or sale of the Proposed Purchased Assets,

19. That this Order shall become effective immediately upon its entry, and

20. That this Court shall retain jurisdiction over any and all matters or disputes arising from or related to this Order or its enforcement.

DONE and ORDERED this the 24th day of March 2022.

<div style="margin-left: 40%;">
Kristi K DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE
</div>