## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BOKF, N.A., as Indenture Trustee,<br>     Plaintiff, | )<br>)<br>) | |
| vs. | ) | Civil Action No. 21-00028-KD-B |
| | ) | |
| BAMA OAKS RETIREMENT, LLC;<br>SAINT SIMONS HEALTH CARE, LLC;<br>and THE MEDICAL CLINIC BOARD<br>OF THE CITY OF MOBILE (SECOND),<br>     Defendants, | )<br>)<br>)<br>)<br>)<br>) | |
| BOKF, N.A., as Indenture Trustee,<br>     Plaintiff, | )<br>)<br>) | |
| vs. | ) | Civil Action No. 21-00029-KD-B |
| | ) | |
| BAMA OAKS RETIREMENT, LLC;<br>SAINT SIMONS HEALTH CARE, LLC;<br>and THE MEDICAL CLINIC BOARD<br>OF THE CITY OF MOBILE (SECOND),<br>     Defendants, | )<br>)<br>)<br>)<br>)<br>) | |
| BOKF, N.A., as Indenture Trustee,<br>     Plaintiff, | )<br>)<br>) | |
| vs. | ) | Civil Action No. 21-00031-KD-B |
| | ) | |
| GORDON JENSEN HEALTH CARE<br>ASSOCIATION, INC.;<br>KNOLLWOOD NH, LLC;<br>CONQUEST HEALTH SYSTEMS, LLC;<br>MARSH POINTE MANAGEMENT, LLC;<br>and MEDICAL CLINIC BOARD OF THE<br>CITY OF MOBILE (SECOND),<br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## **ORDER**

(I) AUTHORIZING, APPROVING, AND DIRECTING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE RECEIVERSHIP ESTATES TO THE SUCCESSFUL BIDDER AND BACKUP BIDDER FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;

    (II) AUTHORIZING AND APPROVING THE SUCCESSFUL BID AND BACKUP BID;

    (III) APPROVING MARKETING AND SALE PROCESS; AND

    (IV) GRANTING RELATED RELIEF.

This action is before the Court on the Receiver's Motion for Order and Brief in Support (docs. 108, 109, 122, Civil Action No. 21-00028-KD-B; docs. 106, 107, 120, Civil Action No. 21-00029-KD-B; docs. 134, 135, 148, Civil Action No. 21-00031-KD-B). The Court previously granted the Motion, in part. The Court authorized and approved the Bidding Procedures; authorized the sale of the assets; approved the Stalking Horse Purchaser, the Asset Purchase Agreement (APA),[1] etc.; scheduled the hearing to approve the sale; and granted related relief (doc. 127, Civil Action No. 21-00028-KD-B; doc. 125, Civil Action No. 21-00029-KD-B; doc. 153, Civil Action No. 21-00031-KD-B).

The Motion is now before the Court for an order (I) authorizing, approving, and directing the sale of substantially all of the assets of the receivership estates to the successful bidder and backup bidder free and clear of all liens, claims, encumbrances, and other interests; (ii) authorizing and approving the successful bid and backup bid; (iii) approving marketing and sale process; and (iv) granting related relief.

Upon consideration of the Motion, brief, and exhibits; the evidence and testimony presented at the sale approval hearing held May 13, 2022; the absence of responses, replies, or objections to the Motion, the Bidding Procedures Order, or the Auction and sale of the Proposed Purchased

---

[1] All references to the Asset Purchase Agreement or APA shall mean the Stalking Horse Asset Purchase Agreement.

Assets; and upon finding that due and sufficient notice of the Motion and Auction and sale has been given[2] and that no further notice is necessary, and upon finding that the relief sought is in the best interest of the Receivership Estate, its creditors, and other interested parties, the Court further finds as follows:

    A. This Court has jurisdiction over this matter, the Issuers, the above-captioned defendants, and over the property of each Receivership Estate.

    B. The approval of the sale of the Proposed Purchased Assets as scheduled in the APA is within the discretion of this Court.

    C. It is necessary and appropriate for this Court to retain jurisdiction to, among other things,

> (a) interpret, implement, and enforce the terms and provisions of this Order, the APA, all amendments to the APA, any waivers and consents under the APA, and each of the agreements executed in connection with the APA, and
>
> (b) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Proposed Purchased Assets.

    D. The Receiver properly provided notice, pursuant to and in accordance with the Bidding Procedures Order, and no other or further notice is necessary or required.

    E. The Receiver has adequately disclosed all material terms and conditions regarding the Bidding Procedures, APA, and sale of the Proposed Purchased Assets.

    F. The notice provided by the Receiver was in substantial compliance with all applicable laws and satisfied all due process requirements.

    G. The notice provided was reasonably calculated to apprise all interested parties of the sale

---

[2] Docs. 115, 128, 135, 140, 141, Civil Action No. 21-00028-KD-B; docs. 113, 126, 133, 138, 139, Civil Action No. 21-00029-KD-B; docs. 141, 154, 161, 166, 167, Civil Action No. 21-00031-KD-B),

of the Proposed Purchased Assets free and clear of all liens, claims, encumbrances, and other interests.

H. As a result, notice of the Motion, Bidding Procedures Order, Sale Hearing, and Auction and a reasonable opportunity to object or be heard with respect to the foregoing has been afforded to all interested persons and entities, and the notice provided is appropriate and sufficient for all purposes, including the sale of the Proposed Purchased Assets free and clear of all liens, claims, encumbrances, and other interests.

I. On May 13, 2022, the Receiver conducted the Auction in accordance with the Bidding Procedures Order.

J. The Successful Bidder has confirmed that it did not engage in any collusion in connection with the Auction or the purchase of the Proposed Purchased Assets.

K. The Auction was substantively and procedurally fair to all potential Bidders and Qualified Bidders, including the Proposed Stalking Horse.

L. The Auction was conducted in good faith.

M. At the Auction, pursuant to the APA and Bidding Procedures Order, the Successful Bidder was Southern Skilled Acquisitions I, LLC, with a Successful Bid in the amount of Twelve Million Dollars ($12,000,000.00) as more fully set forth in the APA.

N. A true and correct copy of the APA (as amended) applicable to the Successful Bidder is attached to this Order as Exhibit 1 and incorporated in this paragraph by reference.

O. The Successful Bidder submitted the highest and best offer to purchase the Proposed Purchased Assets.

P. Neither the sale of the Proposed Purchased Assets nor the APA violate or are otherwise inconsistent with the Bidding Procedures Order, or the Bidding Procedures.

Q. The Successful Bid and APA constitute the highest and best offer for the Proposed Purchased Assets and will provide a greater recovery for each Receivership Estate's creditors than would be provided by any other practical alternative (i.e. continued leasehold or piecemeal sale of property).

R. The Receiver's determination that the Successful Bid and APA constitute the highest and best offer for the Proposed Purchased Assets constitutes a valid and sound exercise of the Receiver's reasonable business judgment.

S. The Receiver's selection of the Successful Bid and Successful Bidder was done with the consent of the Indenture Trustees.

T. The Successful Bid and APA represent a fair and reasonable offer to purchase the Proposed Purchased Assets under the circumstances of this receivership case.

U. No other entity or group of entities has offered to purchase the Purchased Assets for greater economic value to the Receivership Estates than the Successful Bidder.

V. The Receiver's decision to sell the Proposed Purchased Assets to the Successful Bidder pursuant to the APA and this Order is supported by good business reasons and sound justification based upon the Receiver's experience and the circumstances presented in this case.

W. This receivership proceeding, the Receiver's sale of the Proposed Purchased Assets, and the substitution of collateral coupled with the final payment to applicable bondholders at the close of the Assisted Living Facility (ALF) Receivership (Civil Action No. 21-00028-KD-B) and Independent Living Facility (ILF) Receivership (Civil Action No. 21-00029-KD-B), respectively, constitutes an event of involuntary noncompliance as the term is used in the Land Use Restriction Agreement (LURA) and Regulations.

X. The Successful Bidder is an independent legal entity separate and distinct from the

Receiver or any other party to this case. The Successful Bidder is not an affiliate, subsidiary, or other insider of any of the parties to this case or the Receiver. The Successful Bidder has no common equity holders, directors, managers, or officers with any of the parties to this case or the Receiver. The Successful Bidder is not a mere continuation of any of the Defendants and there is no continuity of enterprise among the parties to these cases or the Receiver. The Successful Bidder is not holding itself out to the public as a continuation of any of the Defendants or the Receiver. The Successful Bidder is not a successor to the Facilities, and the Sale is not a consolidation, merger, or de facto merger of the parties under applicable law.

  Y. The terms of the sale of the Proposed Purchased Assets, as set forth more specifically in the APA, are fair and reasonable under the circumstances.

  Z. The sale of the Proposed Purchased Assets to the Successful Bidder in all respects complies with the Bidding Procedures and Bidding Procedures Order.

  AA. The Successful Bidder negotiated the terms and conditions of the sale of the Proposed Purchased Assets in good faith and at arm's length.

  BB. The Successful Bidder is entering into the APA and sale of the Proposed Purchased Assets in good faith and is a good faith purchaser for value.

  CC. The Successful Bidder will be acting in good faith in closing the sale of the Proposed Purchased Assets pursuant to the APA after entry of this Order.

  DD. This Court has found that the Successful Bidder has acted in good faith in connection with this case, the Bidding Procedures, the Auction, and the sale of the Proposed Purchased Assets.

  EE. The consideration provided for the Proposed Purchased Assets under the APA: (a) is fair and reasonable; (b) is the highest and best offer for the Proposed Purchased Assets; and (c) constitutes reasonably equivalent value for the Proposed Purchased Assets.

FF. The Receiver's transfer of the Proposed Purchased Assets including fee title to the real property along with each Issuer's quit claim deed in favor of the Successful Bidder pursuant to the APA and this Order will be a legal, valid, and effective transfer of the Proposed Purchased Assets including fee title to the real property and will indefeasibly vest the Successful Bidder with good and valid title in and to the Proposed Purchased Assets free and clear of any Liens (as defined below).

GG. The Receiver has full power and authority to execute and consummate the APA and all related documents and is directed to do so, and no consents or approvals (other than those expressly provided for in the APA) are required to consummate the transactions contemplated by the APA and this order.

HH. The Receiver (i) has all rights and powers with respect to the Receivership Estates, including the Proposed Purchased Assets, (ii) possesses good, valid, and marketable title to the Proposed Purchased Assets, and (iii) has the ability and authority to convey the Proposed Purchased Assets to the Successful Bidder on the terms and conditions set forth in the APA and this order.

II. The Receiver and Successful Bidder proposed, negotiated, and entered into the APA without collusion, in good faith, and from arm's length bargaining positions.

JJ. No interested party objected to the Motion, Bidding Procedures, APA, Auction, or the sale of the Proposed Purchased Assets to the Successful Bidder.

KK. The approval and consummation of the sale of the Proposed Purchased Assets pursuant to and in accordance with the Stalking Horse APA and this order is in the best interest of the Receivership Estates and their creditors, including the holders of the Bonds.

Now, therefore, upon consideration of these findings, the record, and the evidence and testimony presented at the sale hearing, the Motion is GRANTED; and it is

ORDERED that the APA, as set forth in Exhibit 1 to this Order, is approved in its entirety; and it is further

ORDERED that the Receiver is directed to sell the Proposed Purchased Assets free and clear of all Liens (as defined below) in accordance with the APA and this Order; and it is further

ORDERED that the Proposed Purchased Assets include fee title to the real estate on which each Facility is located, and that the Receiver is directed to sell the fee title to the real estate on which each Facility is located free and clear of all Liens in accordance with the APA and this Order; and it is further

ORDERED that each Issuer shall execute and deliver to the Receiver or the Receiver's designee such instruments and other documents necessary to effectuate the transfer of the fee title to the real estate and any other property that is part of the Proposed Purchased Assets; and it is further

ORDERED that, in accordance with section 1402 of the Skilled Nursing Facility (SNF) Indenture, no party may obtain a judgment or otherwise enforce any assessment against the SNF Issuer, arising out of or as a result of the SNF Issuer's compliance with this Order; and it is further

ORDERED that, in accordance with section 1403 of the SNF Indenture, there shall be no recourse for any claim or otherwise against any director, officer, employee, or agent, as such, in his individual capacity, past, present, or future, of the SNF Issuer or of any successor corporation, and no personal liability whatsoever shall attach to, or be incurred by, any director, officer, employee, or agent, as such, past, present, or future, of the SNF Issuer, as a result of the SNF Issuer's compliance with this Order; and it is further

ORDERED that, in accordance with section 1402 of the Assisted Living Facility (ALF) Indenture, no party may obtain a judgment or otherwise enforce any assessment against the ALF Issuer, arising out of or as a result of the ALF Issuer's compliance with this Order; and it is further

ORDERED that, in accordance with section 1403 of the ALF Indenture, there shall be no recourse for any claim or otherwise against any director, officer, employee, or agent, as such, in his individual capacity, past, present, or future, of the ALF Issuer or of any successor corporation, and no personal liability whatsoever shall attach to, or be incurred by, any director, officer, employee, or agent, as such, past, present, or future, of the ALF Issuer, as a result of the ALF Issuer's compliance with this Order; and it is further

ORDERED that, in accordance with section 1402 of the Independent Living Facility (ILF) Indenture, no party may obtain a judgment or otherwise enforce any assessment against the ILF Issuer, arising out of or as a result of the ILF Issuer's compliance with this Order; and it is further

ORDERED that, in accordance with section 1403 of the ILF Indenture, there shall be no recourse for any claim or otherwise against any director, officer, employee, or agent, as such, in his individual capacity, past, present, or future, of the ILF Issuer or of any successor corporation, and no personal liability whatsoever shall attach to, or be incurred by, any director, officer, employee, or agent, as such, past, present, or future, of the ILF Issuer, as a result of the ILF Issuer's compliance with this Order; and it is further

ORDERED that the Proposed Purchased Assets include, to the extent legally transferable, all rights to (i) the existing licenses for the Facilities, subject to the approval of the Alabama Department of Public Health, and (ii) the Alabama Certificate of Need, subject to the approval of the Alabama State Health Planning & Development Agency; and it is further

ORDERED that the Receiver is authorized to take all actions to consummate the sale of the

Proposed Purchased Assets pursuant to and in accordance with the APA and this Order, including transferring and conveying the Proposed Purchased Assets to the Successful bidder; and it is further

ORDERED that the Receiver is authorized, directed, and empowered to consummate and implement fully the APA, together with all additional instruments and documents that may be necessary or desirable to implement and consummate the sale of the Proposed Purchased Assets in accordance with the APA and this Order; and it is further

ORDERED that the Receiver is authorized and directed to take all actions necessary or desirable for the purpose of assigning, transferring, granting, conveying, and conferring the Proposed Purchased Assets to the Successful Bidder; and it is further

ORDERED that the Successful Bidder is authorized to assign its rights under the APA to a third party in accordance with and as provided in Section of 16.04 of the APA; and it is further

ORDERED that an assignee of the Successful Bidder shall have the same substantive and procedural protections of the APA and of this Order as the Successful Bidder; and it is further

ORDERED that, time being of the essence, the Successful Bidder is directed to use its best efforts to close the sale of the Proposed Purchased Assets in accordance with the terms of the APA and this Order; and it is further

ORDERED that, in the Receiver's sole discretion, any agreements, documents, or other instruments executed in connection with the APA may be modified, amended, or supplemented by the Receiver and Successful Bidder in accordance with the terms of the APA, without further notice or order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Receivership Estates or their creditors; and it is further

ORDERED that the transfer of the Proposed Purchased Assets to the Successful Bidder shall be free and clear of any and all liens, encumbrances, claims, charges, defenses, offsets, recoupments, and interests on the foregoing and against the foregoing of whatever type or description, including, without limitation, the Lease Agreements and LURAs, tax claims and tax liens (other than tax liens for real estate taxes which shall be paid at Closing as more fully set forth in the APA), and any restrictions on or conditions to transfer or assignment, liens, mortgages, security interests, pledges, hypothecations, control agreements, equities and other claims and interests having arisen, existed, or accrued prior to and through the Closing Date, whether direct or indirect, monetary or non-monetary, arising at law or in equity, contract or tort, absolute or contingent, matured or unmatured, voluntary or involuntary, liquidated or unliquidated, of, by, or against the Proposed Purchased Assets (collectively, the "Liens"), with such Liens to attach to the net proceeds of the sale of the Proposed Purchased Assets in accordance with the same validity, priority, and enforceability as existed prior to the sale; and it is further

ORDERED that, effective upon the closing of the sale of the Proposed Purchased Assets pursuant to this Order, the Lease Agreements are terminated and of no further force or effect; and it is further

ORDERED that, effective upon the closing of the sale of the Proposed Purchase Assets pursuant to this order, the LURAs are terminated and of no further force or effect; provided, however, the provisions of the LURAs and the restrictions terminated hereby shall not cease to apply by reason of the sale if, at any time during the Qualified Project Period or during the period in which the Occupancy Restrictions are or would be in effect, Bama Oaks Retirement, LLC, or a "related person," as defined in 26 U.S.C. § 147(a)(2) obtains an ownership interest in the Assisted Living Facility or Independent Living Facility for federal tax purposes; and it is further

ORDERED that no party shall have any rights of redemption with respect to the Proposed Purchased Assets; and it is further

ORDERED that any and all Liens will attach to the net proceeds of the sale of the Proposed Purchased Assets with the same effect, validity, enforceability, and priority of such Liens, if any, as such Liens had against the Proposed Purchased Assets prior to the sale authorized by this order, subject to any rights, claims, defenses, and objections of the Receiver and all interested parties with respect to such Liens; and it is further

ORDERED that each Indenture Trustee has first priority liens on and security interests in the Proposed Purchased Assets constituting each Indenture Trustee's Collateral and each Indenture Trustee's first priority liens on and security interests in the Proposed Purchased Assets shall attach to the proceeds of the sale of the Proposed Purchased Assets in the same order of validity, priority, and enforceability; and it is further

ORDERED that the transfer of the Proposed Purchased Assets to the Successful Bidder may not be avoided under any applicable law, because the Successful Bidder is providing the Receivership Estates with reasonably equivalent value; and it is further

ORDERED that all entities that are presently, or upon Closing may be, in possession of some or all of the Proposed Purchased Assets are directed to surrender possession of the Proposed Purchased Assets to the Receiver or the Receiver's designee; and it is further

ORDERED that the provisions of this Order authorizing the sale of the Proposed Purchased Assets free and clear of any Liens shall be and are self-executing, and the Receiver and Successful Bidder shall not be required, but are permitted in their discretion, to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of the APA and this Order; and it is further

ORDERED that neither the purchase of the Purchased Assets nor the subsequent operation of the Purchased Assets by the Successful Bidder shall cause the Successful Bidder or its affiliates, successors, or assigns or their respective properties (including the Proposed Purchased Assets) to be deemed a successor in any respect of the Receivership Estates' or the above-captioned defendants' business operations within the meaning of any laws, rules, or regulations relating to any tax, revenue, pension, benefit, ERISA, environmental, labor, employment, products liability, or other law, rule, or regulation of any federal, state, or local government; and it is further

ORDERED that, upon Closing, this Order and the documents executed in connection with and pursuant to this Order constitute a full and complete general assignment, conveyance, and transfer of the Proposed Purchased Assets or a deed or a bill of sale transferring good and marketable title in the Proposed Purchased Assets to the Successful Bidder on the Closing Date free and clear of all Liens, and each and every federal, state, and local governmental agency or department is directed to accept this Order as such an assignment, deed, or bill of sale or any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Order; and it is further

ORDERED that, if necessary, this Order shall be accepted for recordation on or after the Closing Date as conclusive evidence of the free and clear, unencumbered transfer of title to the Proposed Purchased Assets to the Successful Bidder; and it is further

ORDERED that this Order is effective as a determination that any and all Liens, if any, will be, and are, without further action by any person or entity, unconditionally released, discharged, and terminated with respect to the Proposed Purchased Assets; and it is further

ORDERED that this Court retains exclusive jurisdiction to (a) enforce and implement the APA and any other agreements, documents, and instruments executed in connection with the APA,

(b) compel delivery of possession of the Proposed Purchased Assets (or any part of the Proposed Purchased Assets) to the Successful Bidder, (c) resolve any disputes, controversies, or claims arising out of or relating to the APA, this Order, or the sale of the Proposed Purchased Assets, including disputes, controversies or claims asserted by any holder or holders of the Bonds, and (d) interpret, implement, and enforce the provisions of this Order; and it is further

ORDERED that the terms and conditions of the APA and this Order will be binding in all respects upon, and will inure to the benefit of, the Receiver, the Receivership Estates, Successful Bidder, the Indenture Trustees, and their respective affiliates, successors, and assigns, and any affected third parties; and it is further

ORDERED that all persons who hold Liens against the Receivership Estates, the above-captioned defendants, insiders of the above-captioned defendants, or the Proposed Purchased Assets are forever estopped and permanently enjoined from asserting or prosecuting any claims or causes of action against the Successful Bidder, its affiliates, successors, or assigns, or any of their respective officers, directors, employees, attorneys, or advisors, arising out of or in connection with the sale of the Proposed Purchased Assets or any liabilities owed by the above-captioned defendants; and it is further

ORDERED that, to the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the APA and this Order, the provisions contained in the APA control; and it is further

ORDERED that the Receiver is authorized to pay Blueprint its commission at the Closing of the sale of the Proposed Purchased Assets; and it is further

ORDERED that the authority granted to the Receiver to close the sale of the Proposed Purchased Assets pursuant to and in accordance with the APA and this Order shall not be stayed if this Order is appealed; and it is further

ORDERED that there is no just delay for the implementation of this Order and, for all purposes, this Order shall be a final order with respect to the sale of the Proposed Purchased Assets and other relief granted in this Order; and it is further

ORDERED that time is of the essence and this Order shall take effect immediately upon its entry.

DONE and ORDERED this the 17th day of May 2022.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE